## S. B. Moore *v.* W. F. Love.

1. Sale. *Statute of Frauds. Essentials.*

   A verbal sale, without a memorandum, of more than fifty dollars worth of cotton, is invalid, under the Statute of Frauds, against a subsequent attachment, unless part of the price is paid or part of the cotton delivered.

2. Same. *Delivery of samples. Part of bulk.*

   Delivery of samples is a compliance with the statute, only when they are treated by both parties as part of the goods sold, and as diminishing the quantity or weight thereof to the extent of their bulk.

3. Same. *Mere specimens. Question of fact. Burden of proof.*

   Whether the samples are so regarded is a question of fact, and the burden of establishing the affirmative rests upon the party who asserts it, and, if they are treated as specimens only, their delivery does not satisfy the statute.

Error to the Circuit Court of Amite County.

Hon. J. B. Chrisman, Judge.

An attachment was, at suit of the plaintiff in error, levied on two bales of cotton as the property of T. J. Everett, the defendant in the writ. The defendant in error claimed the two bales upon the ground that he had received them from Everett to sell and pay himself a debt with part of the proceeds, and had sold them, with six bales of his own cotton, to W. B. Raiford, who left them with the claimant to ship, and that after the levy the claimant paid Everett the value of the cotton, deducting the debt. The verdict and judgment were for the claimant.

*W. P. & J. B. Harris*, for the plaintiff in error.

The sale was incomplete. It was verbal, and there was neither delivery nor payment of the price. Hilliard on Sales, 120, 190; Benjamin on Sales, 480. There is no proof that the samples were taken as part delivery. Hilliard on Sales, 156. Nothing in the transaction gives it the character of a completed sale. *Stamps* v. *Bush*, 7 How. 255. It devolved on the claimant, who asserted the fact, to prove that the samples were treated as part of the bulk.

*B. F. Johns*, for the defendant in error.

Delivery of the samples and agreement upon the price, the weights being fixed, completed the sale. Nothing more was to be done by either party. Raiford had the right to control the cotton, which he exercised by directing Love to carry it to Summit, and ship it to New Orleans. *Jordan* v. *Harris*, 31 Miss. 257; *McKay* v. *Hamblin*, 40 Miss. 472. Owing to the nature of the property, no other delivery was possible. *Ingersoll* v. *Kendall*, 13 S. & M. 611. Under Code 1871, § 861, the burden of proof was upon the plaintiff in attachment.

CHALMERS, J., delivered the opinion of the court.

The most favorable light in which the claim of the defendant in error can be viewed is to consider him as invested with the rights of Raiford, and entitled to hold the cotton by virtue of the latter's purchase, which preceded the levy of the attachment. Did Raiford acquire title? He thus states the facts connected with his alleged purchase: " W. F. Love presented samples and weights of eight bales of cotton on Dec. 12th, 1878, and I agreed to give him a certain price for said cotton, and he was to take it to the railroad at Summit and ship the same to New Orleans. I never saw the cotton. I would have paid Love for the same had he demanded it, or what money I had on hand. Love was to wait a few days for the money." Such is his statement of what passed. The cotton was at the time some miles distant, had never been seen by Raiford, and was levied on in a few hours after the above negotiations, and before any thing had been done to perfect them.

These facts do not meet the requirements of a valid sale under the Statute of Frauds. The cotton was worth more than fifty dollars. No part of the purchase-money was paid, no memorandum in writing was made, and no portion of the goods were delivered, unless the samples were. The delivery and receipt of samples, conceding that they took place, can only be held a compliance with the Statute of Frauds when they are considered and treated by both parties as constituting a part of the goods sold, and as diminishing the quantity or weight of such goods to the extent of their own bulk.

Whether they are so received and regarded is a question of fact, the burden of establishing which devolves upon him who asserts it. Where they are treated by the parties as specimens only of the goods sold, a delivery of them to the buyer does not satisfy the requirements of the Statute of Frauds. Benjamin on Sales (2d Am. ed.), § 142, note *c*, and cases cited. Taking Raiford's own version of the transaction between Love and himself, nothing more is shown than an executory agreement to buy at a certain price, which failed of execution by the intervention of the attachment. Love, of course, can prefer no claim to the cotton growing out of his own payment to Everett after the levy of the attachment.

*Judgment reversed and new trial awarded.*